UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| TERRY L. COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:05-CV-34 |
| | ) | (JARVIS/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's judgment on the administrative record[1] [Doc. 12], and the defendant's motion for summary judgment. [Doc. 13]. Plaintiff Terry L. Cooke seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 1997.

---

[1]This is treated as a motion by the plaintiff.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's back and leg pain, chronic obstructive pulmonary disease, hypertension, seizures, anxiety, depression, Hepatitis C, carpel tunnel syndrome, and borderline intellectual functioning are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. With normal breaks, the [sic: he] can walk 6 hours during an 8-hour workday, stand 6 hours during an 8-hour workday, and sit 6 hours during an 8-hour workday. He can occasionally climb, balance, stoop, kneel, crouch, and crawl. He experiences moderate pain with moderate loss of concentration. He has limited push/pull ability with the lower extremity. He can do routine, repetitive tasks. He has mild mental limitations.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

| | | |
|---|---|---|
| 8. | | The claimant is an "individual closely approaching advanced age" (20 C.F.R. §§ 404.1563 and 416.963). |
| 9. | | The claimant has "a limited education" (20 C.F.R. §§ 404.1564 and 416.964). |
| 10. | | The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968). |
| 11. | | The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. §§ 404.1567 and 416.967). |
| 12. | | Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decisionmaking, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a product assembler, with 2,100 jobs existing in the State of Tennessee and 178,000 in the Nation; hand packager, with 1,000 jobs existing in the State of Tennessee and 159,000 in the Nation; and cashier, with 4,500 jobs existing in the State of Tennessee and 244,000 in the Nation. |
| 13. | | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)). |

(Tr. 17-18).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Siterlet v. Secretary of Health and Human

3

Services, 823 F.2d 918, 920 (6th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ erred in finding that he can perform a significant number of jobs in the national economy. Specifically, plaintiff contends that the ALJ afforded more weight to the opinions of Dr. Fisher and Dr. O'Brien than he did to his treating physician Dr. Morgan. Plaintiff contends that Dr. Bryant and Dr. Morgan are treating physicians who saw the plaintiff "multiple times for years," whereas Dr. Fisher only saw the plaintiff twice and Dr. O'Brien only saw the plaintiff once. Plaintiff points out that Dr. Morgan opined that he could not lift, push, pull, or carry more than 10 pounds; stand or walk no more than 2 hours a day; and never climb, kneel, crouch, crawl, or stoop. (Tr. 703-04). Additionally, plaintiff asserts that the hypothetical posed to the vocational expert ("VE") did not include the excessive absenteeism needed to obtain treatment for pain or his history of drowsiness as a result of taking hydrocodone twice a day. Plaintiff notes that he testified he has to lie down after two hours of work and has to rest after 30 minutes of work. (Tr. 134). Lastly, plaintiff contends that he has a borderline, if not below, IQ with a full-scale IQ score of 76, and that "a score of 70 would be consistent with the GAF score found by Dr. Edwards earlier in 1999." (Tr. 284, 628).

The Commissioner asserts that substantial evidence supports the ALJ's decision.

4

Plaintiff claims that the ALJ improperly accredited examinations of Dr. Fisher and Dr. O'Brien and did not give controlling weight to the opinion of his treating physician Dr. Morgan. In May 2004, Dr. Morgan determined that plaintiff could occasionally lift/carry 10 pounds and less than 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday, had no limitation on the ability to sit, and had a limited ability to push and/or pull; and could occasionally balance, but never climb, kneel, crouch, crawl, or stoop. (Tr. 703-04).

The Commissioner maintains that although the ALJ considered Dr. Morgan's assessment, he ultimately determined that the medical evidence did not support his restrictive assessment and that plaintiff acknowledged that medication helped his pain. (Tr. 14-15, 709). Specifically, she notes that a CT scan of the lumbar spine showed no disc herniation, impingement of the neuro foramina at L5-S1 secondary to spondylosis, and bulging of the disc at L5-S1 without significant change and lumbar spine x-rays showed only mild degenerative disc disease. (Tr. 355, 599). Moreover, the Commissioner points out that Dr. Fisher's findings indicated that although plaintiff walked with a limp during one evaluation, another examination revealed that his gait was intact and that he had only mild difficulty getting onto the examining table. (Tr. 287, 622). Plaintiff's lumbar motion was very restricted, but straight leg raising was reduced only on the right, and motion of cervical spine, hips, knees, ankles, shoulders, elbows, wrists, and hands was normal. (Tr. 287-88, 623). Thus, the Commissioner maintains that the ALJ reasonably weighed the evidence, resolved any conflicts in the evidence, and determined plaintiff could perform a range of light work. (Tr. 13-15).

5

With regard to plaintiff's mental impairments, the Commissioner insists that the ALJ reasonably relied on the findings of Dr. O'Brien, which showed that plaintiff's IQ score of 76 placed him in the borderline range of functioning. However, Dr. O'Brien determined that plaintiff was not significantly impaired in his ability to sustain concentration and persistence, remember simple instructions, travel independently, socially interact in an appropriate manner, and be aware of normal hazards in the workplace or in a household setting. (Tr. 629). Based on the findings and conclusions of Dr. O'Brien, the ALJ reasonably determined that plaintiff had mild mental limitations, thereby permitting him to do routine, repetitive tasks consistent with a Global Assessment of Functioning score of 70, as plaintiff notes. (Tr. 15, 17, 284).

Finally, although plaintiff asserts that the ALJ's hypothetical question to the VE was incomplete because it did not include excessive absenteeism and history of drowsiness as a result of his medications, the Commissioner insists that the hypothetical question was adequate because it included all of plaintiff's credible limitations. Therefore, the Commissioner insists that after determining a residual functional capacity for light work, and in conjunction with the VE's testimony, the ALJ used Grid Rule 202.10, although he incorrectly referred to Rule 202.14, to direct a finding of not disabled. (Tr. 16, 18).

A treating physician's opinion is generally afforded substantial weight, but may be discounted if good cause is shown. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, the ALJ is not bound by any physician's assessment and may reject unsupported opinions and resolve conflicts in the evidence even if the opinions come from a treating physician. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

6

In the present case, Dr. Morgan[2] found that plaintiff could occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk at least 2 hours in an 8-hour workday, his ability to push and/or pull is limited, but his sitting is unaffected. (Tr. 14, 703-06). However, as the ALJ noted, the medical evidence did not support Dr. Morgan's restrictive assessment because "radiology reports . . . taken of the knee and hip . . . were basically unremarkable," and the ALJ noted that plaintiff indicated his medications were helping him. (Tr. 14, 719-20) Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987) (a condition controllable by medication is not disabling); 20 C.F.R. §§ 404.1528, 416.928 (weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record). The ALJ noted that consultative examiner Dr. Fisher's May 2001 examination showed that the plaintiff's "hips, knees, ankles, shoulders, elbows, wrists, hands, and feet to all have normal range of motion with no instability, pain, erythema or effusion [and a] series of x-rays of the lumbar spine showed degenerative disc changes at L5/S1." (Tr. 15). Dr. Fisher found plaintiff could perform jobs that required sitting with an option to get up and move around. (Tr. 15, 624). In sum, the medical evidence of record does not support greater limitations than those found by the ALJ.

With respect to plaintiff's alleged mental impairments, I find no error by the ALJ. He relied on the opinion of consultative psychological examiner Dr. O'Brien who stated:

---

[2]Although plaintiff mentions Dr. Bryant in his brief, he fails to put forth any argument regarding Dr. Bryant. Therefore, any issue regarding Dr. Bryant is waived. McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997).

7

> As to his physical capacity to obtain gainful
> employment, I defer to a medical evaluation. As to
> his psychological capacity, the claimant does not
> appear significantly impaired in his ability to
> sustain concentration and persistence, remember
> simple instructions, travel independently, make
> plans independently of others, socially interact in an
> appropriate manner, be aware of normal hazards in
> the work/household setting, or in his ability to
> manage his funds.

(Tr. 629) (emphasis added). Although Dr. O'Brien found that with a full scale IQ score of 76 plaintiff functioned in the borderline range, he determined, as noted above, that plaintiff had only mild mental limitations and could do routine, repetitive tasks. (Tr. 17).

Lastly, the ALJ clearly did not find absenteeism and drowsiness to be limitations to plaintiff's ability to work that are supported by the record, and thus, was not required to include them in the hypothetical question. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir. 1987) (hypothetical question must include only those limitations supported by the record). The VE testified that plaintiff could perform a significant number of jobs such as product assembler, hand packager, and cashier. (Tr. 16, 753-54) See Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988). Furthermore, the Commissioner acknowledges that the ALJ incorrectly referred to Grid Rule 202.14 rather than Rule 202.10 in his decision, but because both direct an outcome of "not disabled," I find the error to be harmless. Abbott v. Sullivan, 905 F.2d 918, 926 n.6 (6th Cir. 1990) (failure to cite the correct rule is harmless error where the outcome is the same).

Accordingly, it is hereby **RECOMMENDED**[3] that the plaintiff's judgment on the administrative record, which is treated as a motion [Doc. 12], be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).